2 Abatangelo v. Wells Fargo Bank 2 Abatangelo v. Wells Fargo Bank 2 Abatangelo v. Wells Fargo Bank 2 Abatangelo v. Wells Fargo Bank You knew then you can file a petition for reconsideration, you can file for leave to appeal to the Illinois Supreme Court, and we've had cases in which even just an action of the Illinois Supreme Court in the bar admission context where there was a possibility of search of the Supreme Court triggered Rooker Feldman. So you don't have to have a lot of opportunities in the state courts, you just have to have meaningful procedural avenues and I've named two, a motion for reconsideration in the Illinois Appellate Court when you discover this procedural flaw that you're talking about and drawing it to the attention of the state Supreme Court. The two procedural means you're talking about, the motion for reconsideration, I disagree. Well they exist, you can't disagree that the state courts have them. I don't disagree that they exist and in fact the record shows that I tried in that sense. But the argument is not on the basis of can I throw something up in the sense of a Hail Mary. Well but maybe it is actually because the point of the whole, I mean you know this, the point of the whole Rooker Feldman doctrine is that Congress has not given appellate jurisdiction to the lower federal courts over decisions by state courts and we are a lower federal court as is the district court. We're not the Supreme Court. Even if there's a federal issue you need to allow the state courts to resolve these things and ultimately, I know it's a long shot, believe me, I've given many a talk about it, but you've got to ask the U.S. Supreme Court under 1257. The reason that I disagree with your analysis is that if procedurally the appellate court can take the Illinois law, which is similar to the federal law, you cannot raise any new issues on an appeal that you didn't raise before. I may throw a Hail Mary and they'll take pity on me and say do it, but we're here as a matter of what the rules are and what the law is. But your premise is that it's not an issue that you could have raised before and there are instances in the Illinois courts where a brand new problem arises at the Illinois appellate court level and that's the time you have to say something about it. That's Rule 137, but it was not a brand new problem that arose at the Illinois appellate court level. If the Illinois appellate court in either of those cases had said, we're going to create this new rule, this rule is that you cannot appeal anything other than the propriety of the sale after the sale is done, then I would agree with you. 137 exists, or pardon me, 317 exists, and that's the way you do it. This was not that circumstance. If I had filed that, I would have been shut out because the Illinois appellate court didn't create a new rule. There was a rule created by an Illinois Supreme Court case that didn't come into existence until after I filed my brief. But the point is that we cannot give you any relief here without setting aside the decision of the Illinois courts. Basically, you're very frank about this. You want us to send it to the Illinois courts so that you can have another shot at it, and if ever there's a Rooker-Feldman problem, that's it. And the reason I disagree with you is because I'm not asking for another, I'm asking you to say there's a federal issue here. You're asking us to tell Illinois how to run its foreclosure proceedings, and if Illinois has an unconstitutional structure for foreclosure proceedings, then that issue needs to be preserved from the first time you show up as a defendant in a foreclosure action. Under your very words, from the first time you show up as a defendant in a foreclosure action, I did exactly that in both cases. So just because you lose doesn't mean the federal courts come in. I'm not here to ask you or any other federal court to say the summary judgment was wrong. Yes, you are. You're asking us to say, in a sense, you're asking us to say there is a flawed set of procedures closing doors for issues to be raised at the time you would have liked to raise them, and I'm not here to tell you that every state has perfect procedures, but I am here to tell you that we're dealing with a federal-state allocation of jurisdiction. And that this is a matter for the state courts. I mean, the statute, as I understand it, the Illinois Mortgage Foreclosure Law restricts appellate challenges to foreclosure judgments unless the homeowner does some things before the sale is approved. Once the sale is approved, the door does close quite considerably. Under the fundamental premise of the common law that applies in Britain and the United States, you're citing one case. That was the case in 2014. That case did not consider the matters that are set out in the 1960 Illinois Supreme Court case that says you cannot appeal anything until after the sale is final. Those issues that were not considered in the 2014 case, Wells Fargo v. McCaskey, were Illinois Supreme Court 301. In addition to that, the fact that that is incorporated into the Mortgage Foreclosure Law. Illinois law has not conclusively ruled on this. I see my time is up. Could I have a minute at the end? Well, your time isn't up, but I've got a question. You're just saying Illinois got it wrong, right? No, I'm saying Illinois has it confused. Whether it's confused or not, you're telling us to un-confuse them. No, I'm telling you, in a sense, I'm not telling you to say, Illinois, this is how you ought to straighten it out. What you're saying is, what you've got right now is unconstitutional, Illinois. This is our bailiwick up here in the Seventh Circuit. HEPA-WIKE gets to go back and have the summary judgments give them a right to an appeal. How that appeal turns out, we don't know. But it's within your bailiwick to say, whatever you've got here doesn't satisfy the federal system. I see my time is up. Could I have a moment at the end? You're in your rebuttal time, but you still have some. Thank you. Who do we have first, Mr. Alferman or Mr. WIKE? Mr. Alferman. All right. Good morning, Your Honors, and may it please the Court. My name is Tyler Alferman. I represent the defendant appellee, Wells Fargo Bank. I'm here this morning with Michael WIKE, who represents the defendant appellate, DLJ Mortgage Capital. As Your Honor has just discussed with plaintiff's counsel, it's very clear in this case that the Rooker-Feldman Doctrine does apply. This case is basically made for the Rooker-Feldman Doctrine. Here, the plaintiff asks a federal district court to review and set aside the primary holding of the Illinois appellate court decision. This is exactly the kind of essentially an appeal that the Rooker-Feldman Doctrine exists to preclude. Do you think that somebody in Illinois who is in imminent risk of foreclosure, maybe lots of notices have come along or something like that, but nothing has been filed yet in the state court, could such a person bring a declaratory judgment in a federal district court for a declaration that the Illinois procedure is precluding a challenge, postponing it until after the sale and strictly limiting the points that can be raised? Could that case be brought? Is there a way? Because that's not a Rooker-Feldman problem. I believe that case could be raised because you wouldn't be challenging a decision that's already been rendered, which is exactly what's being done in this case. And in that case, those plaintiffs would most likely have standing to bring such a claim if they were in imminent risk of having these allegedly unconstitutional procedures applied against them. But again, that's not the case here. What we have here are two Illinois appellate court decisions that the plaintiffs are asking a federal district court to say are incorrect, to basically overturn the primary holding and ask those courts to basically somehow send this case back to Illinois state court with directions to reconsider. And that is plainly something that the federal courts do not have the jurisdiction to do. Only the United States Supreme Court has the ability to do so. And I believe Your Honor also discussed the other prong of the Rooker-Feldman doctrine, which requires that there be a reasonable opportunity for the issues to be addressed in the state court. And as you discussed, the plaintiffs in this case had that opportunity. They could have filed a motion for reconsideration. They could have pursued further appeal to the Illinois Supreme Court. Those options were available. Those are the same options that the court found to be sufficient in the Gilbert case. Right. They don't have to be procedural mechanisms of right. I mean, obviously, a motion for reconsideration, just as a motion for leave to appeal, are in the discretion of the court. It's not like just throwing a notice of appeal in and taking an appeal. Yes, you're correct, Your Honor. And all that's required for the doctrine of Rooker-Feldman to apply is a reasonable opportunity to have the issue addressed in state court. And these are reasonable opportunities. The court held as much in the Gilbert case. And I'd also like to add that in this case, Rule 317 was available to the plaintiffs. They dispute this. They tried to claim that the constitutional issue arose somehow separately in the McCluskey case that was decided by the Illinois Supreme Court. But, in fact, the Illinois Supreme Court did not touch on the issue of appellate rights in that case. In fact, in the McCluskey case, the Illinois Supreme Court actually considered the arguments under the standard for a motion to vacate, rather than the standard for a motion under 15-1508 under the mortgage foreclosure law, because that issue had been raised before the motion to confirm sale had been filed in the original trial court. Which is different, yeah. So it had absolutely nothing to do with the right to appeal. And I believe now I am in the time reserved for Mr. Weeks. Give Mr. Weeks his time. Are you finished, Mr. Alferman? Well, if there are no more questions on the Rooker-Feldman doctrine, we did present two additional bases to affirm the district court's ruling in our response brief, the first of which is the doctrine of res judicata. It was the alternative basis for the district court's ruling below. On appeal, the plaintiffs did not actually challenge this in their opening brief. Which that would change it from a jurisdictional dismissal to a merits dismissal. That's correct, Your Honor. And so the res judicata issue would only really be addressed if you were to first believe that there was jurisdiction, despite the Rooker-Feldman doctrine, which we obviously do not believe to be the case. But even if the court were to go past the jurisdictional issue, the issue of res judicata is there. It was presented. It was one of the bases for the decision below. Right. And it was not addressed in the opening brief on appeals. So they waived the argument. They claimed in their reply brief that because there is some sort of overlapping issue with the Rooker-Feldman doctrine, that this somehow means they sufficiently raised it in their opening brief. But that's plainly not the case. If you look at their opening brief, the term res judicata only appears in a block quote from the Maine's case. My only issue with this is that there's a general rule that an appellee cannot get more relief than what the district court gave without filing a cross appeal. And if you just got a jurisdictional dismissal, in theory they could go back to the Illinois courts and do something. It's not once and for all done. Whereas if you got a merits dismissal, now suddenly you really do have something with quite a bit of teeth in it. Understood. And we don't believe that a cross appeal would have been necessary here because it was an alternative basis in which the district court ruled in our favor below. So, again, this would only be in the event that the court gets past the Rooker-Feldman doctrine issue, which I don't believe there's any way you can possibly get around that. But if you did, there's a basis there for affirming as well. All right. Thank you. Mr. Wieck, you've probably got a minute, but we'll let you have it. Unless the court has any questions related either to my particular case, we filed a joint brief. We've worked together. Your client is in basically the same position as Wells Fargo, right? Well, they are in the same position with one difference factually. There was a petition for rehearing filed or a petition for reconsider of the denial of the PLA to the Illinois Supreme Court, which, of course, then they could have sought the writ and, as we pointed out, underlying their argument is if once the appellate court ruled, which they thought created the constitutional issue, they could have asserted a right to appeal to the Illinois Supreme Court. So unless there's other questions, I really have nothing more to add. I see none, so thank you very much. Thank you very much. Mr. Hepplewhite, I think you have a minute or two. Thank you for the time. Two minutes. Thank you. First of all, the statement was made by the defense that we are asking you to reconsider a motion for summary judgment. We are not. We are asking you to rule on the federal issue. Frankly, I wish I had used your example in my brief of could we have filed a declaratory judgment. I think that illustrates the point that we are asking for something different. The issue of whether or not we have a procedural right to challenge, had a procedural right to challenge the appellate court rulings that both of my clients faced is crucial because if we're sitting here as, we're sitting here, you're sitting here as a court of law, I may be able to go up and make all sorts of arguments, but the fact is the court that listens to them says you don't have a right to make them, and therefore you're denied. To say that, well, we could make any argument we wanted and the court could in fact take it, although true, takes away from the very premise of what lawyers and judges do. You know, that's only partly true because I, as I'm listening to you, you can think of all kinds of examples where courts say you're trying to make this argument, but you can't do it. You might say that because of the scope of the statute. You might say that because there's been waiver or forfeiture at a different level. It seems to me those are at least two reasons, and so courts do constrain the arguments that are properly before them. You can't possibly say everybody has a right to make every argument everywhere. I agree, but you, I'll be brief. Your premise is that even though I had no procedural means to raise this, and the defense hasn't cited any, even though I had no procedural means to raise it, I could have thrown it up to them, and because I could have thrown it up to them, they could have said yes. Well, they could have agreed with you that the statute unduly restricts the opportunity to raise points at the stage of sale. That's really your fundamental complaint here. They could have, but remember they denied it, and we don't have a statement that we denied it because you don't have a procedural means to do it, as opposed to we hear your argument half a white, we're going to adjudicate it, and we don't like it. And it's that procedural means that meant that we didn't have a way to do it, and it's that lack of a procedural means to challenge it that creates the federal question. Thank you for your extra time. Thank you very much. Thanks to all counsel. We will take the case under advisement.